**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

IN RE:                                           )
                                                 )    Chapter 13
MATHEW A. SOLITRO                                )
KELLY J. SOLITRO                                      Case No. 07-40006-JBR
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER REGARDING OBJECTION OF WILSHIRE CREDIT CORPORATION TO DEBTORS' FOURTH AMENDED PLAN**

This matter came before the Court for hearing on the Objection of Wilshire Credit Corporation ("Wilshire) to the Debtors' Fourth Amended Plan [#129] and the Debtors' Response thereto [#131]. At issue is whether the various "miscellaneous" and "general" provisions which the Debtors added to the plan renders the plan unconfirmable.

Wilshire, as the purported servicer for the first mortgage held by Wells Fargo Bank, National Association as Trustee for MLM1 Trust Series 2005-HE1 on property it describes in the Objection as the Debtors' "residential real property located at 84 Valmor Street," [1] objected to the proposed Fourth Amended Plan on the grounds that the plan attempts to include "Additional General Provisions," some of which change the non-monetary rights of creditors while others purport to state or interpret state or federal law, including the Bankruptcy Code and Rules. For example, one of the provisions proposes to reject and render void any clause in any contract which requires the Debtors to submit to binding arbitration or alternative

---

[1] The reference to 84 Valmor Street as the Debtors' residence is incorrect; the Debtors' petition lists *82* Valmor Street, Worcester as their address. Their residence is not encumbered by a mortgage. More importantly, however, on July 10, 2007 Wilshire, by its previous counsel, filed a Notice of Transfer of claim whereby it represented that the servicing of the senior mortgage and senior note in the original amount of $212,000 was transferred to Fieldstone Mortgage Company. Because the Court has an independent obligation to ensure that the plan meets the confirmation requirements of 11 U.S.C. §1325(a), the Court will rule on the issue raised in the Objection. Wilshire, however, will be ordered to file an affidavit attesting to its standing to have filed the Objection.

dispute resolution.  Another requires motor vehicle lienholders to deliver releases of their liens on the appropriate certificate of title within "within 10 days after demand and, in no event, within 30 days of receipt of the notice of the entry of the Discharge Order...."  Still another states that secured creditors retain their liens while the Debtors retain standing to bring avoidance actions.  The Debtors respond that Wilshire waived its objection by failing to raise these grounds in objections to their three previous proposed plans, which also contained these same provisions.

The Court notes Judge Somma's Findings, Conclusions, and Rulings in *In the Matter of Linda Lynn-Weaver*, 06-11544 set forth in the transcript of his November 20, 2006 hearing [docket # 51] in which he undertakes a thoughtful and concise analysis of why such non-monetary unilateral changes are not permitted.  Although the miscellaneous provisions proposed in *Lynn-Weaver* are arguably more egregious than the ones in the instant case, the analysis is the same.  Additionally the Court notes that the attempt to excise arbitration and mediation clauses "from any and all" of the Debtors' contracts "with any party or entity" "whether arising pre-petition or post-petition" not only is an impermissible attempt to partially reject an executory contract but also may have implications for creditors beyond mortgagees, including issuers of credit cards, utilities and Internet providers.  The Court agrees with Judge Somma; additional provisions attempting to unilaterally and impermissibly alter creditors' rights cannot be accepted as the norm.

The Court also notes that this district has adopted a local rule which calls for uniformity in Chapter 13 plans.  MLBR 13-4(a) provides:

> Form of Plan.  A chapter 13 plan **shall** conform to MLBR Official
> Local Form 3, with such alterations as may be appropriate to suit
> the circumstances.  (Emphasis added).

Using a uniform plan permits the Chapter 13 trustees and attorneys for creditors frequently

appearing to review the plans more quickly and efficiently.  It also enables debtors' attorneys to prepare plans more quickly and efficiently.  Uniformity helps to control the costs of pursuing a chapter 13 case through confirmation and prevents chapter 13 plans from taking on the time and expense associated with chapter 11.  Chapter 13 was intended as a special vehicle available to qualifying individuals to use so they would not have to bear the expense of chapter 11.  Even if additional provisions do nothing more than restate parties rights under the law, including Bankruptcy Code and Rules, they thwart the goal of providing individuals with a streamlined method for reorganizing their debts.  Further provisions which do nothing more than restate rights and responsibilities are not "alterations as may be appropriate to suit the circumstances."  Such restatements are unnecessary, likely to be misleading, and will not be permitted.  In the future should counsel or debtors insert miscellaneous or additional provisions in chapter 13 plans, they must state in the provision what special circumstances justify their inclusion.

It is hereby ORDERED:

1. The Objection is SUSTAINED and confirmation is DENIED.

2. The Debtors shall have 14 days from the date of this to file an amended plan.

3. Wilshire is to file an affidavit regarding its standing to have filed the Objection within 14 days of the date of this Order.

Dated: February 7, 2008

*/s/ Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge

3